**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO (CINCINNATI)**

| | |
|---|---|
| KEVIN SCHMIDT ) <br> 7309 Wilford Ct. ) <br> Bakersfield, CA 93309 ) <br> ) <br> Plaintiff (Judgment Creditor), ) <br> ) <br> vs. ) <br> ) <br> BRIANNA FISCHER a/k/a BRIANNA ) <br> JOHNSON ) <br> 7005 Summit Avenue ) <br> Cincinnati, OH 45243 ) <br> ) <br> Defendant (Judgment Debtor) ) <br> ) <br> and ) <br> ) <br> TEA SHOP PRODUCTIONS ) <br> Floor 3 ) <br> 18 Broadwick Street ) <br> London ) <br> W1F 8HS ) <br> UK ) <br> ) <br> and ) <br> ) <br> AMERICAN PANTHEON, LLC ) <br> 4506 Willow Brook Ave. ) <br> Los Angeles, CA 90029 ) <br> ) <br> and ) <br> ) <br> PARTICULAR CROWD ) <br> c/o Warner Media LLC ) <br> 28 Liberty Street ) <br> New York, NY 10005 ) <br> ) <br> and ) <br> ) <br> SIGNATURE FILMS ) | CASE NO.  22-41 <br><br> JUDGE: <br><br> **COMPLAINT FOR CREDITOR'S BILL** |

| | |
|---|---|
| 301 Canon Drive | ) |
| Beverly Hills, CA 90210 | ) |
| | ) |
| and | ) |
| | ) |
| MISTER SMITH ENTERTAINMENT | ) |
| CRAVEN HOUSE | ) |
| Northumberland Avenue | ) |
| London, WC2N 5AP | ) |
| UK | ) |
| | ) |
| and | ) |
| | ) |
| INGENIOUS MEDIA | ) |
| C/O INGENIOUS CAPITAL | ) |
| MANAGEMENT LIMITED | ) |
| 15 Golden Square | ) |
| London | ) |
| W1F 9JG | ) |
| UK | ) |
| Defendant(s). | |

Plaintiff, Kevin Schmidt ("Judgment Creditor"), seeks a creditor's bill pursuant to Ohio Revised Code § 2333.01 upon funds due or about to be due by Tea Shop Productions, American Pantheon, LLC, Particular Crowd, Signature Films, Master Smith Entertainment, and Ingenious Media (collectively, "Defendants") to Defendant Brianna Fischer a/k/a Brianna Johnson ("Judgment Debtor").

## JURISDICTION

1. The Court has Jurisdiction of the within proceedings as the judgment was rendered in the United States Bankruptcy Court for the Central District of California in Adversary Proceeding No. 1:14-ap-01106-MB where a non-dischargeable judgment was obtained.

2. There is diversity of jurisdiction as the Plaintiff is an individual living in California and the Defendant, Brianna Fischer a/k/a Brianna Johnson is an Ohio resident and the remaining Defendants are located in states other than Ohio or overseas.

3. The amount disputed exceeds $75,000.00.

4. The Court has personal jurisdiction over Defendants due to their sufficient minimum contacts with the State of Ohio. Specifically, Defendants are in the movie production industry and the movies they produce are viewed by residents of Ohio, thereby subjecting Defendants to the jurisdiction of this Court.

### FACTS

5. On February 25, 2021, Judgment Creditor recovered a judgment against Judgment Debtor in the United States Bankruptcy Court for the Central District of California, Case No. 1:14-ap-01106-MB, in the amount of $506,240.28 (the "Judgment"). A copy of the Judgment is attached hereto as Exhibit A.

6. On December 3, 2021, Judgment Creditor filed a Certification of Judgment for Registration in Another District in this Court. *See,* Doc. 1.

7. The Judgment Debtor has failed to satisfy any portion of the Judgment or make any payment to the Judgment Creditor.

8. It is clear Judgment Debtor does not have sufficient personal and real property to satisfy the Judgment. This is evidenced by the fact that Judgment Debtor's underlying bankruptcy matter filed in the United States Bankruptcy Court for the Central District of California, Docket No. 1:14-bk-11169-AA (the "Bankruptcy Matter"), was a no asset bankruptcy, the Trustee filed a Report of No Distribution on May 14, 2014, in the Bankruptcy Matter, Judgment Creditor attempted to act on the Judgment in California

and was unable to locate any assets and, to date, Judgment Debtor has not paid anything on the Judgment.

9. Defendants are entities engaged in the movie production business. Judgment Debtor is also engaged in the movie production business and, upon information and belief, is owed money from Defendants for work she did on various motion pictures. The amount owed to Judgment Debtor by Defendants is currently unknown by Judgment Creditor.

10. Defendants should be enjoined from paying to Judgment Debtor, or any sole proprietorship, partnership, or corporate entity controlled by Judgment Debtor, any of the above-mentioned monies, goods, effects, assets, interest and/or properties due and owing to the Judgment Debtor or any sole proprietorship, partnership, or corporate entity controlled by Judgment Debtor. Judgment Debtor, and any sole proprietorship, partnership, or corporate entity controlled by Judgment Debtor should be enjoined from receiving from Defendants any of the above-mentioned monies, goods, effects, assets, interest and/or properties until such time as the Judgment Creditor's Judgment and costs have been paid in full, for the Judgment Creditor is without adequate remedy at law, and without remedy save by the interposition of the equitable powers of this Court.

11. Defendants should be ordered to pay to the Judgment Creditor any of the above-mentioned monies, goods, effects, assets, interest and/or properties due and owing to the Judgment Debtor or any sole proprietorship, partnership, or corporate entity controlled by Judgment Debtor. Judgment Debtor, and any sole proprietorship, partnership, or corporate entity controlled by Judgment Debtor until such time as the Judgment Creditor's Judgment and costs have been paid in full.

WHEREFORE, Judgement Creditor requests that this Honorable Court grant it the following relief:

1. A judgment ordering that Defendants be enjoined from paying or delivering to Judgment Debtor and any sole proprietorship, partnership, or corporate entity controlled by Judgment Debtor, any monies, assets, goods, effects, interests and/or properties due and owing to her until such time as Judgment Creditor's Judgment and court costs accrued are paid in full.

2. A judgment ordering that Judgment Debtor, and any sole proprietorship, partnership, or corporate entity controlled by Judgment Debtor, be enjoined from receiving any monies, goods, effects, assets, interest and/or properties due and owing her from Defendants until such time as Judgment Creditor's Judgment and court costs accrued are paid in full.

3. A judgment ordering Judgment Debtor, and any sole proprietorship, partnership, or corporate entity controlled by Judgment Debtor, to pay and apply upon the Judgment all monies, goods, effects, assets, interest and properties due and to become due and payable as may be necessary to fully satisfy the Judgment and court costs accrued.

4. A Judgment ordering the Defendants to pay to the Judgment Creditor any of the above-mentioned monies, goods, effects, assets, interest and/or properties due and owing to the Judgment Debtor or any sole proprietorship, partnership, or corporate entity controlled by Judgment Debtor. Judgment Debtor, and any sole proprietorship, partnership, or corporate entity controlled by Judgment Debtor until such time as the Judgment Creditor's Judgment and costs have been paid in full.

5. Such other relief as the Court may deem equitable and just under the circumstances.

6. Judgment Creditor requests that this Court retain jurisdiction over this Case pending the Defendants' compliance with its orders.

Respectfully submitted,

MAURICE WUTSCHER LLP

By: /s/ Alan C. Hochheiser
Alan C. Hochheiser (0041222)
23611 Chagrin Blvd., Suite 207
Beachwood, OH 44122
Telephone: (216) 220-1129
Facsimile: (216) 472-8510
ahochheiser@mauricewutscher.com

Attorney for Kevin Schmidt

EXHIBIT "A"

DAVID M. REEDER, ESQ. (California State Bar No. 133150)
REEDER LAW CORPORATION
1801 CENTURY PARK EAST, 16th FLOOR
LOS ANGELES, CA 90067
PHONE: (310) 774-4060
FAX: (310) 295-2290
EMAIL: david@reederlaw.com

Attorneys for Plaintiff Kevin Schmidt

**FILED & ENTERED**

FEB 25 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gasparia   DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br>ERIC FISCHER AND BRIANNA FISCHER a/k/a BRIANNA JOHNSON,<br><br>                                  Debtors.<br><br>_____<br><br>KEVIN SCHMIDT,<br><br>                                  Plaintiff,<br><br>vs.<br><br>ERIC FISCHER AND BRIANNA FISCHER a/k/a BRIANNA JOHNSON,<br><br>                                  Defendants.<br>_____ | Case No.: 1:14-bk-11169-MB<br><br>[Chapter 7]<br><br>Adv. No.: 1:14-ap-01106-MB<br><br>**AMENDED JUDGMENT**<br><br>**Trial**<br>Date:  January 24 - 31, 2018<br>Time:  9:00 a.m.<br>Courtroom:  303 |

Based on the findings set out in this Court's Order and Supplemental Memorandum re: Attorneys' Fees [ECF Docket No. 384] awarding attorneys' fees and costs to plaintiff in the amount of $379,395.96, the judgment of this Court in the above-referenced adversary proceeding [ECF Docket No. 371] (the "Judgment") entered on May 13, 2020 against

1

defendants Eric Fischer and Brianna Fischer aka Brianna Johnson in the principal amount of $125,000, plus pre-judgment interest in the amount of $1,844.32, for a total of $126,844.32 based on defendants' and judgment debtors' violations of 11 U.S.C. § 523(a)(2)(A)(fraud), and 11 U.S.C. § 523(a)(19)(fraud in the sale of a security), is hereby amended, as to amount only, as follows:

1) The amount of the Judgment is amended as follows:

   Original Judgment:       $126,844.32
   Attorneys' fees and costs:   $379,395.96
   Amended Judgment:        $506,240.28

2) The Amended Judgment, shall accrue post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.

3) All other provisions of the Judgment remain in full force and effect.

###

Date: February 25, 2021

Martin R Barash
United States Bankruptcy Judge